■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. RICHARD F. WOJCIECHOWSKI, Respondent.— Appeal from an order of the Supreme Court, Kings County, dated October 27, 1966, which granted defendant's motion to suppress evidence. Order reversed, on the law and the facts, and motion denied. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. At the hearing on the suppression motion the only evidence presented was the uncontroverted testimony of a police officer. The officer testified that the complainant told him at about 5:00 P.M. that defendant and another had threatened his life and that of his wife and mother-in-law if he did not give them money. The complainant gave the officer defendant's address and described what part of the premises, a multiple dwelling, his (defendant's) apartment was located. Several minutes past 7:00 P.M., the same evening, the officer broke into defendant's apartment and defendant was arrested when he assaulted the officer with a loaded rifle. Prior to breaking into the apartment the officer had placed a transmitter on the complainant's person and he was requested to keep an appointment for a meeting with defendant there. At 7:00 P.M., the complainant voluntarily entered defendant's building with two men while the police had the premises under surveillance. When the officer discovered that the transmitter was not working he summoned a neighbor, living in another apartment, to open a closed door leading into a common hallway. The officer observed through the glass panelled door a man coming from defendant's apartment into the hallway and immediately returning to the apartment with a rifle in his hands. The

officer broke open the outer door and, prior to breaking into defendant's apartment, knocked once, announced his authority and demanded that the door be opened. He received no response. This procedure was repeated without success. At no time prior to entry did the officer announce his purpose. The officer then broke down the door, entered the apartment and was assaulted by defendant with a loaded rifle. After the defendant was arrested this rifle together with other weapons and ammunition was seized as evidence. In our opinion, the officer had reason to believe that the complainant's life was in danger. In order to take all necessary steps to remove that peril the officer was under a duty to enter the apartment and rescue the complainant. His entry was lawful and he was privileged to seize any evidence of a crime which was exposed to his view (see *People* v. *Gallmon,* 19 N Y 2d 389; *People* v. *Gatti,* 29 A D 2d 617). It is also our opinion that the entry into the apartment was lawful because the officer had probable cause (Code Crim. Pro., § 177, subd. 4) to arrest defendant for attempted extortion, a felony under section 851 of the former Penal Law, before he broke in. The failure of the officer to give "notice" of his "purpose" as required by section 178 of the Code of Criminal Procedure, prior to his breaking, does not require suppression of the evidence found in the apartment. Where the authorities have reason to believe that the life of an innocent man, who is stationed with the suspect in his apartment, is endangered, the failure to fully comply with section 178 is not fatal. The circumstances here amounted to a showing of exigent circumstances which would excuse the giving of notice (see *People* v. *McIlwain,* 28 A D 2d 711). Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.