■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CURTIS LEE BALL, Appellant.— Judgment unanimously affirmed. Memorandum: The Syracuse police, during the course of investigating a burglary, were voluntarily admitted into premises at 307 Irving Avenue by the person at the door. While questioning appellant and two other suspects inside the house, they seized part of a watch lying on a book shelf above the suspects' heads. Since the police lawfully gained entry to the premises, they were entitled to seize evidence in plain view without a warrant even though the arrest was not made until several days later. (*People* v. *Gallmon*, 19 N Y 2d 389, cert. den. 390 U. S. 911; *People* v. *Manning*, 40 A D 2d 572; and see *Coolidge* v. *New Hampshire*, 403 U. S. 443, 465-473; *Ker* v. *California*, 374 U. S. 23, 42-43.) The trial court's denial of appellant's application to suppress this evidence was proper. (Appeal from judgment of Onondaga Supreme Court convicting defendant of burglary, third degree, and grand larceny, second degree.) Present—Del Vecchio, J. P., Marsh, Witmer and Simons, JJ.

■ COOR DEVELOPMENT CORP., Appellant, v. DANIEL WEBER, as Supervisor of the Town of Cheektowaga, et al., Respondents.— Appeal unanimously dismissed, without costs. Memorandum: Under the order appealed from petitioner's application to the Town Board is remanded to the board to take proof at a new hearing and to make a determination on the proof presented. Such further action as directed requires the exercise of quasi-judicial responsibility with respect to the issues and, therefore, it is not ministerial in character. (See *Matter of American Holding Corp.* v. *Murdock*, 6 A D 2d 596.) The order being intermediate and not final, is not appealable as of right but only upon obtaining leave to appeal (CPLR 5701, subd. [b], par. 1; subd. [c]). (Appeal from order of Erie Special Term remanding article 78 proceeding to Town Board.) Present — Del Vecchio, J. P., Marsh, Witmer and Simons, JJ.