■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN RIZZO, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated September 25, 1975, which, after a hearing, granted defendant's motion to suppress certain physical evidence. Order reversed, on the law and the facts, and motion to suppress denied. On February 18, 1975, while off duty, Officer Divone assisted a neighbor in repairing automobiles at the Fugazy Continental Garage. Divone was attired in civilian clothes. The defendant's vehicle, which required transmission repairs, was suspended on a lift approximately six feet off the ground and was being serviced by Divone. While standing approximately three or four feet from the vehicle, Divone observed the defendant enter the garage, stand upon a crate, open the driver's door and remove a .357 Magnum pistol from his waistband and place it on the floor of the car behind the driver's seat. The defendant gave Divone inconsistent versions as to how he had obtained the gun. Divone learned from another off-duty officer that the defendant did not have a pistol permit. He then dialed 911 for police assistance. The defendant departed upon hearing the conversation. Several officers subsequently arrived and the gun was seized without a warrant. The defendant was

arrested three days later. The facts indicate that the seizure was constitutionally valid. An object within the "plain view" of an officer, who is lawfully present on the premises, is subject to seizure without a warrant, provided that the discovery of the evidence was inadvertent *(Coolidge v New Hampshire,* 403 US 443, mot for rehearing den 404 US 874; *People v Merola,* 30 AD2d 963). The brief span of time between the initial viewing of the gun and its seizure upon the arrival of other officers did not constitute planned police activity or anticipated discovery, as discussed in *People v Spinelli* (35 NY2d 77). Moreover, the warrantless seizure of the gun and bullets in plain view was not rendered improper by the fact that the defendant was not arrested until three days later (see *People v Ball,* 41 AD2d 689). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.